## Commonwealth v. Michaelangelo

R. *Eric Simons*, for Commonwealth.

*John J. Hudacsek* and *Harry F. Garrett*, for defendant.

SOHN, J., October 24, 1955.—Inez Marie Michaelangelo was found guilty by a jury under an indictment charging prostitution and assignation. Counsel for defendant filed a motion in arrest of judgment. The indictment charges that she "did then and there unlawfully and knowingly use and permit the use of, having reasonable cause to know same was so used, a certain place; namely, a houseboat known as "Pauline's Houseboat", situate at Industry Township, for the purpose of prostitution and assignation, the said building and place then and there being owned by Pauline Crump . . ."

The statute under which the indictment was drawn, Act of June 24, 1939, P. L. 872, sec. 512, provides in part as follows:

"Whoever uses any building, conveyance or place for the purpose of prostitution or assignation, or knowing or having reasonable cause to know that same is to be so used, or permits any building, conveyance or place owned by him or under his control, to be used for the purpose of prostitution or assignation; or whoever commits prostitution or assignation . . ."

The evidence is that a houseboat was used by Pauline Crump as a bawdy house. Defendant entered the houseboat late at night. She went into a room with a member of the Pennsylvania State Police. Both she and the policeman removed their clothing and were found in bed by other officers who had previously arranged with the police officer in the houseboat to raid

the place at a particular time. Counsel for defendant filed a motion in arrest of judgment. He contends that the evidence failed to show ownership or control of the premises in question on the part of defendant, and that such ownership or control is an essential ingredient of the offense set forth in the indictment.

The evidence was adequate to support a conviction under the section of the statute which makes it an offense to commit prostitution or assignation. The sole question here is whether or not defendant's conviction under the indictment as drawn, should be allowed under the evidence.

Since the enactment of the Act of June 15, 1951, P. L. 585, on a motion in arrest of judgment, defendant may raise the question of the sufficiency of the evidence. Whether or not the evidence in this case is sufficient to support a verdict depends on a proper interpretation of the statute. True the statute makes it an offense to commit prostitution at any time or place. However, the statute also makes it an offense to use a building, conveyance, or place for the purpose of prostitution. The question of whether or not defendant used Pauline's Houseboat for the purpose of prostitution was submitted to a jury. The jury concluded that she did so use it. Such a finding is conclusive. That the same act is also prohibited in another part of the statute does not relieve defendant. That the statute can be interpreted to include a person who might use a building for the purpose of prostitution by others does not relieve defendant. Ownership and control of the building are not essential to a conviction. Use of it is. Defendant did use the building for the purpose which, under the statute, is illegal.

## Order

And now, to wit, October 24, 1955, for the reasons stated in the within opinion, it is ordered, adjudged and decreed that defendant's motion in arrest of judg-

ment be, and it is hereby overruled. Defendant shall appear before the court for sentence on Wednesday, November 2, 1955.